## THIRD DEPARTMENT, SEPTEMBER, 1997

### (September 3, 1997)

■ In the Matter of DOMINIC J. POTTS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [661 NYS2d 838] —Per Curiam. Respondent was admitted to practice by this Court in September 1983. He was admitted in Ohio in 1965 and maintained his law office in that jurisdiction.

Petitioner, the Committee on Professional Standards, moves to suspend respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) on the ground that he has been convicted of a violation of Ohio Revised Code Annot § 2921.13 (A) (6), falsification, a misdemeanor in the first degree, by a plea of no contest on February 8, 1995. On April 12, 1995, respondent was sentenced to six months in jail; the period of incarceration was suspended and respondent was placed on probation for a period of one year upon certain specified conditions. One such condition required respondent to irrevocably surrender his license to practice law in Ohio. By order entered April 19, 1995, the Ohio Supreme Court accepted respondent's irrevocable resignation and struck his name from the roll of attorneys in Ohio. Respondent has not replied to petitioner's motion.

Because we find that respondent has been convicted of a serious crime, as that term is defined in Judiciary Law § 90 (4) (d), we grant petitioner's motion and suspend respondent "until a final order is made pursuant to [Judiciary Law § 90 (4) (g)]." We further direct respondent to show cause why such a final order should not be entered.

Cardona, P. J., Mercure, White, Peters and Carpinello, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice

of law, effective immediately, until such time as a final order is made pursuant to Judiciary Law § 90 (4) (g), and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is forbidden to appear as an attorney or counsellor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent is directed to show cause before this Court, on a date and on terms fixed by the Clerk, why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of this Court's rules regulating the conduct of suspended attorneys.